GRAY v. GRAY ET AL.

[No. 12,442. Filed December 10, 1926. Rehearing denied February 25, 1927.]

1. APPEAL.—In determining the sufficiency of answers to interrogatories to overcome a verdict, an appellate tribunal cannot consider the evidence. p. 638.

2. TENANCY IN COMMON.—*Interrogatories in action between cotenants for accounting.*—In an action against cotenants for an accounting, the jury's answers to interrogatories were held insufficient to show that there was irreconcilable conflict between a verdict for the plaintiff and the answers so as to entitle him to a verdict for a larger amount. p. 638.

From Jasper Circuit Court; *William C. Pentecost,* Special Judge.

Action for an accounting by James T. Gray against Albert Gray and others. From a judgment for plaintiff for an unsatisfactory amount, he appeals. *Affirmed.* By the court in banc.

*John A. Dunlap,* for appellant.

*Charles M. Snyder, Hanley & Hanley* and *Fraser & Isham,* for appellees.

REMY, J.—Suit for an accounting, originally commenced by appellant against his cotenants Albert E. and Edward Y. Gray. While the suit was pending, the real estate was sold, and Lemuel Shipman, having been appointed to make the conveyance, was made a party defendant.

The cause was submitted to a jury, which returned a verdict for appellant for $1,000; with the verdict, the jury returned answers to certain interrogatories, and appellant moved for judgment on the answers to the interrogatories notwithstanding the general verdict. The motion was overruled, as was a motion for new trial, and judgment was rendered on the verdict.

All questions properly saved and presented by this appeal seek to establish from the record that the verdict should have been for a larger sum; it being contended that the amount is but a matter of computation.

The evidence tends to show that Thomas P. Gray died intestate November 8, 1903, the owner of one hundred fifty-six acres of land in Benton county, one hundred sixty acres in Pulaski county, and two hundred acres in Jasper county; that the land was incumbered; that intestate left surviving him as his only heirs at law his widow, Catherine Gray, and six children, including appellant and appellees Albert E. and Edward Y. Gray; that soon after the death of Thomas P. Gray, his heirs, all being of full age, entered into a settlement agreement, by the terms of which there was to be no immediate partition of the lands, that the widow was to take charge of and lease or cultivate the land, and apply the net proceeds to the payment of the incumbrance; that in 1914 the Jasper county farm was sold for $10,000, prior to which time, one of the sons of Thomas P. Gray

died intestate, unmarried and without issue, leaving as his only heirs at law, his mother, four brothers, including those who are parties to this suit and a sister; that the proceeds of the Jasper county farm were distributed equally among the five children, the widow releasing her interest therein for the privilege of remaining on the Benton county farm for her lifetime; that the widow died in January, 1924; that much of the time, from the early part of 1915 to the death of their mother, Albert and Edward were in possession of and cultivated the Benton county farm, but, as to the number of years, the evidence is conflicting, during which time they expended for taxes and improvements a total of $4,800; the evidence is also conflicting as to the rental value of the farm.

The evidence being conflicting as to the rental value of the Benton county farm and as to the length of time Albert and Edward were in possession thereof, and there being some evidence to support the verdict, we cannot say that the verdict is not sustained by sufficient evidence. The verdict of $1,000 must, therefore, be upheld, unless the answers to the interrogatories are in irreconcilable conflict therewith.

1. In determining the sufficiency of the jury's answers to interrogatories to overcome the general verdict, a resort by this court to the evidence is precluded.

2. Among other things, the jury by its answers to interrogatories found that from the first of the year 1915 until the time of the trial, appellant was a tenant in common who had been excluded from possession of the Benton county farm, and that the cotenants of appellant, sued by him in this proceeding, had paid out for taxes and improvements on the Benton county farm, the total sum of $4,800 while they occupied the farm, and that the rental value of the farm at

that time was $12 per acre. Appellant, assuming that these cotenants had been in exclusive possession of the farm for a certain definite number of years, and basing his calculation upon that assumption, insists that, as a matter of computation, the verdict of the jury should have been a sum largely in excess of $1,000, the amount of the general verdict. Unfortunately for appellant, the jury did not find in answer to any interrogatory that appellant's cotenants, who were made defendants by appellant in this suit, had been in possession of the farm, as lessees or otherwise, for any definite period of time. The finding of the jury was that "from and after the fore part of 1915, until January, 1924, some of the children of Catherine Gray were in continuous possession of the Benton county farm." Clearly, there is no irreconcilable conflict between the general verdict and the jury's answers to interrogatories.

Affirmed.